# EXHIBIT 1

DEFINO LAW ASSOCIATES, P.C.
By: Benjamin J. Simmons, Esq.
PA Bar ID #314855
2541 South Broad Street
Philadelphia, PA 19148
Tel: (215) 551-9099
Fax: (215) 551-4099


*Filed and Attested by the Office of Judicial Records 23 SEP 2020 05:39 pm*

Attorney for Plaintiff

| | |
|---|---|
| THOMAS ACCIAVATTI<br>  Plaintiff,<br>  v.<br>RESTORE REHABILITATION, LLC<br>  and<br>KEY RISK MANAGEMENT SERVICES, LLC<br>  and<br>STARNET INSURANCE COMPANY<br>  and<br>PARADIGM CORP.<br>  Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION |

## NOTICE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>LAWYER REFERENCE SERVICE<br>1101 MARKET STREET, 11TH FLOOR<br>PHILADELPHIA, PA 19107-2911<br>(215)238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>SERVICIO DE REFERENCIA LEGAL<br>1101 MARKET STREET, 11TH FLOOR<br>FILADELFIA, PA 19107-2911<br>(215) 238-6333 |

Case ID: 200901 33

DEFINO LAW ASSOCIATES, P.C.
By: Benjamin J. Simmons, Esq.
PA Bar ID #314855
2541 South Broad Street
Philadelphia, PA 19148
Tel: (215) 551-9099
Fax: (215) 551-4099                                    **Attorney for Plaintiff**

| | |
|---|---|
| THOMAS ACCIAVATTI<br>812 Jamestown Road<br>Turnersville, NJ 08012<br>　　　　Plaintiff,<br>　　v.<br>RESTORE REHABILITATION, LLC<br>10811 Red Run Boulevard #104<br>Owings Mills, MD 21117<br>　　　and<br>KEY RISK MANAGEMENT SERVICES, LLC<br>PO Box 49129<br>Greensboro, NC 27419<br>　　　and<br>STARNET INSURANCE COMPANY<br>11201 Douglas Avenue<br>Urbandale, IA 50322<br>　　　and<br>PARADIGM CORP.<br>1277 Treat Boulevard, Suite 800<br>Walnut Creek, CA 94597<br>　　　　Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION |

## COMPLAINT IN CIVIL ACTION

1. Plaintiff is an adult individual residing at the above-captioned address.

2. Defendant Restore Rehabilitation, LLC is, on information and belief, a Maryland limited liability company with an address for service at CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101, which at all times relevant to this action was duly authorized to and did conduct substantial business in Philadelphia County, and which at all times relevant to this action was the employer

Case ID: 20090133

and/or principal of non-party Paula Martin, and is vicariously liable for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

3. Defendant Key Risk Management Services, LLC is, on information and belief, a Delaware limited liability company with an address for service at CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101, which at all times relevant to this action was duly authorized to and did conduct substantial business in Philadelphia County, and which at all times relevant to this action was the employer and/or principal of non-party Paula Martin, and is vicariously liable for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

4. Defendant Starnet Insurance Company is, on information and belief, an Iowa corporation with an address for service as captioned above, which at all times relevant to this action was duly authorized to and did conduct substantial business in Philadelphia County, and which at all times relevant to this action was the employer and/or principal of non-party Paula Martin, and is vicariously liable for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

5. Defendant Paradigm Corp. is, on information and belief, a California corporation with an address for service as captioned above, which at all times relevant to this action was duly authorized to and did conduct substantial business in Philadelphia County, and which at all times relevant to this action was the employer and/or principal of non-party Paula Martin, and is vicariously liable for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

6. On or about October 1, 2018, Plaintiff was working for the Delaware River Waterfront Corporation when he suffered a workplace injury resulting in, among other symptoms, left drop foot, affecting his ability to walk and otherwise use his left foot.

7. As a result of Plaintiff's injuries, he went out of work and began collecting workers compensation medical and indemnity benefits through Defendant StarNet Insurance Company and/or Defendant Key Risk Management Services, LLC.

8. During the course of Plaintiff's workers compensation claim, he was assigned a Nurse Case Manager, non-party Paula Martin, to act as a liaison between the Plaintiff and his medical care providers.

9. Sometime prior to December 23, 2018, Ms. Martin sent Plaintiff a text message advising him that he had been cleared to return to work by his doctor at the Rothman Institute, and Plaintiff returned to work accordingly in reliance upon that message.

10. On December 23, 2018, while Plaintiff was working, he attempted to step onto a platform, but was unable to lift his left leg sufficiently and his foot caught on the platform's edge.

11. As a result, Plaintiff fell forward, striking his head on a steel beam and losing consciousness before awakening some time later with a bleeding head wound.

12. Plaintiff suffered a number of injuries as a result, as set forth in further detail below.

13. In the days after Plaintiff's December 23, 2018 accident, Nurse Case Manager Paula Martin sent Plaintiff a text message that the note she had read regarding Plaintiff's

ability to return to work had been from a prior date, and Plaintiff was not in fact cleared to return to work prior to the accident described above.

14. Plaintiff was in no way contributorily negligent with regard to this accident, which occurred solely due to the negligence of one or more of the Defendants.

### Count I – Negligence/Vicarious Liability
### Thomas Acciavatti v. All Defendants

15. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

16. Nurse Case Manager Paula Martin was, at all times relevant to this action, an employee, agent, and/or representative of one or more of the Defendants, acting within the course and scope of her employment, agency, and/or representation, and such Defendant(s) is/are responsible for her acts and/or omissions pursuant to the doctrine of *respondeat superior*.

17. The Defendant's(s') negligence, by and through Ms. Martin, consisted of the following, without limitation:

    a. Advising Plaintiff he was cleared to return to work when he had not in fact been cleared to return to work;

    b. Failure to confirm with Plaintiff's medical provider(s) that he was cleared to return to work before so advising him; and/or,

    c. Failure to ensure that Plaintiff's medical prognosis was such that he could safely return to work.

18. As a direct and proximate result of the Defendant's(s') negligence, Plaintiff has suffered serious injuries consisting of the following, without limitation:

    a. Concussion with post-concussive syndrome, headache, and post-concussive syncope;

    b. Closed head wound;

    c. Open head wound resulting in facial scarring; and,

    d. Convergence insufficiency and double vision.

19. As a result of Plaintiff's injuries, he has experienced significant pain, suffering, inconvenience and discomfort, and may continue to experience same for an indefinite period of time in the future, all to his great and continuing loss.

20. As a result of Plaintiff's injuries, he has had to undergo significant medical treatment and the incurring of financial expense for same, and may continue to incur such treatment and expense for an indefinite period of time in the future, all to his great and continuing loss.

21. As a result of Plaintiff's injuries, he has experienced significant limitation in his ability to perform daily acts of living and employment, and may continue to experience same for an indefinite period of time in the future, all to his great and continuing loss.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in his favor and against Defendants Restore Rehabilitation, LLC, Key Risk Management Services, LLC, StarNet Insurance Company, and Paradigm Corp. in an amount in excess of Fifty-Thousand Dollars ($50,000.00).

                                                  Respectfully Submitted,

                                                  DEFINO LAW ASSOCIATES, P.C.

By: _____
                                                  Benjamin J. Simmons, Esq.
                                                  *Counsel for Plaintiff*

Case ID: 20090133

## VERIFICATION

I, Benjamin J. Simmons, Esquire, hereby certify that the facts and averments in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information, and belief. I understand this verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date: 9/23/2020

_____
Benjamin J. Simmons, Esq.

Case ID: 200901334