## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ACCIAVATTI** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **RESTORE REHABILITATION, LLC, KEY** | : | |
| **RISK MANAGEMENT SERVICES, LLC,** | : | |
| **STARNET INSURANCE COMPANY** | : | |
| and **PARADIGM CORP.** | : | **NO. 20-5068** |

### MEMORANDUM

**Savage, J.**  **November 19, 2020**

Defendants Key Risk Management Services, LLC ("Key Risk") and Starnet Insurance Company ("Starnet") removed this action, asserting federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(a). On October 23, 2020, Restore Rehabilitation, LLC ("Restore") consented to removal.[1] Four days later, the parties stipulated to the dismissal of all defendants except Restore.[2]

Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because neither the complaint nor the notice of removal sets forth facts establishing jurisdiction, we shall remand this action.

---

[1] *See* Not. of Removal (Doc. No. 1) ¶¶ 1- 2, 11.  Because the plaintiff had not filed a proof of service on Restore or Paradigm Corp., Key Risk and Starnet assumed they had not been served.  In fact, Restore had been served four days prior to removal.  *See* Doc. No. 6.

[2] *See* Cert. of Concurrence (Doc. No. 4); Not. of Dismissal (Doc. No. 5).

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citation omitted). Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The notice of removal conclusorily states that there is complete diversity between the plaintiff and all defendants.[3] As the proponent of diversity jurisdiction, Restore has the burden of establishing jurisdiction. *In re Lipitor Antitrust Litig.*, 855 F.3d at 150. Yet, it fails to allege its and the plaintiff's citizenship. Thus, we cannot determine whether the parties are diverse.

The notice of removal does not allege sufficient facts showing the citizenship of the plaintiff and Restore. It repeats the plaintiff's allegation that he is a New Jersey resident.[4] It avers that "as alleged in Plaintiff's complaint," Restore is a corporation.[5] But, that is not what the complaint alleges. It alleges that Restore, as its proper name indicates, is a limited liability company.[6] Although the plaintiff alleges that Restore is "a Maryland limited liability company with an address for service" in Harrisburg,

---

[3] Not. of Removal ¶ 10.

[4] *Id.* ¶ 4; Compl. (Doc. No. 1-1) ¶ 1.

[5] Not. of Removal ¶ 7.

[6] Compl. ¶ 2.

Pennsylvania, the removal notice avers that it "is a corporation organized . . . under the laws of . . . Maryland with its principal place of business" in Maryland.[7]

Restore, as the proponent of diversity jurisdiction, failed to establish complete diversity of citizenship. For purposes of establishing jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). Residency in a state is insufficient to establish citizenship of an individual. *GBForefront, L.P.*, 888 F.3d at 35 (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (allegations pertaining solely to a litigant's "residency," as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case)). A corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located. *GBForefront*, 888 F.3d at 34 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). A limited liability company is treated as a citizen of every state in which its members are citizens. *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *Zambelli*, 592 F.3d at 420).

Relying in part on the plaintiff's allegation that he is a New Jersey resident, the notice of removal conclusorily states that the plaintiff and the defendants are "citizens" of different states.[8] Because residency in a state is insufficient to establish citizenship, we are unable to determine whether the plaintiff is a citizen of New Jersey or any other state.

---

[7] *Compare* Compl. ¶ 2 *with* Not. of Removal ¶ 7. In its answer filed after removal, Restore alleges even fewer jurisdictional facts about itself. It does not deny the fact that it is a limited liability company. Instead, it denies the plaintiff's allegations that it is a Maryland limited liability company "as a conclusion of law to which no response is required." *See* Answer of Restore to Pl.'s Compl. with Affirmative Defenses (Doc. No. 8) ¶ 2.

[8] Not. of Removal ¶¶ 4, 10.

Restore has also failed to allege its own citizenship.  A limited liability company is treated as a citizen of every state in which its members are citizens.  *Lincoln Ben. Life Co.*, 800 F.3d at 105.  The removal notice provides no facts about Restore's members.  Instead, it inaccurately describes Restore as a Maryland corporation with its principal place of business there.[9]  Although a corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located, *GBForefront, L.P.*, 888 F.3d at 34, the state of organization and the principal place of business of a limited liability company and other unincorporated associations "are legally irrelevant" for determining their citizenship.  *Lincoln Ben. Life Co.*, 800 F.3d at 104-05 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192, 196-97 (1990)).

What a limited liability company[10] must allege regarding its citizenship depends on whether it is the proponent of federal jurisdiction.  If a limited liability company is the proponent of diversity jurisdiction, it must allege the citizenship of each of its members.  Consequently, if a limited liability company is the plaintiff in an original action filed in federal court, it must allege in the complaint the citizenship of each of its members.  *Lincoln Ben. Life Co.*, 800 F.3d at 106, 108 n.36.  If it is the removing defendant, it must allege the citizenship of its members in the notice of removal.  *Id.*[11]

---

[9] Even the plaintiff accurately refers to it as a limited liability company.  *See* Compl. ¶ 2.

[10] For purposes of determining diversity jurisdiction, a limited liability company is an unincorporated association.  *See In re Lipitor Antitrust Litig.*, 855 F.3d at 150 (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016)).  Thus, rules that apply to unincorporated associations apply to limited liability companies.

[11] Because the membership of a limited liability company or other unincorporated association is often not publicly available and may be known only to the defendant, a plaintiff asserting diversity jurisdiction need not plead the citizenship of each of the members of a defendant unincorporated association as long as he performs a reasonable investigation.  *See Lincoln Ben. Life Co.*, 800 F.3d at 107-08 & n.31.

      Nowhere in the complaint or in the notice of removal is the citizenship of each of Restore's members alleged.  Restore fails to identify its own members and their states of citizenship.  Hence, we cannot determine its state or states of citizenship.

      Because we cannot determine the citizenship of the plaintiff and of Restore, we cannot conclude that there is diversity of citizenship.  Therefore, in the absence of subject matter jurisdiction, we shall remand this case.